## HATTIE I. ROBERTS, RESPONDENT, v. MICHAEL BOWER, APPELLANT.

*3 R. S. (5th ed.), 467, § 16 — effect of giving instructions to jury on Sunday.*

Upon the trial of this action the case was submitted to the jury and they retired on Saturday. On Sunday they came into court, said they had not agreed, and requested the court to instruct them as to the law on a point of evidence. The court then charged and instructed them as requested, no objection being made by the defendant. The jury then retired and agreed on their verdict. The defendant claimed that the charge and instruction given to the jury on Sunday were a violation of the provisions of 3 Revised Statutes (5th ed.), 467, section 16, which provides that no court shall be opened or transact any business on Sunday, unless it be for the purpose of receiving a verdict or discharging a jury; and that the verdict should be set aside. *Held*, that the charge to the jury was like any other unauthorized communication, and that the parties, by consenting to it, waived any objections thereto.

APPEAL from an order made at the Special Term, denying a motion for a new trial made upon a case and exceptions.

*Wakeman & Watson,* for appellant. *H. D. Tucker,* for respondent.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Order affirmed.

---

## HORACE M. DAKE, APPELLANT, v. GEORGE G. PATTERSON, RESPONDENT.

*Contract for advertising — notice to terminate — effect of taking paper containing advertisement — Illegal agreement.*

A contract for the publication of an advertisement in a newspaper, for a specified time, needs no notice to terminate it.

If the publisher continue to insert the advertisement after that time, he cannot recover compensation unless the original agreement has been extended or a new one made; nor can the mere fact that the paper is taken by the person for whose benefit it is inserted, be construed into a promise to pay therefor, even if the advertisement be brought to his knowledge.

Where one litigant approaches the attorney of the other, and for a money consideration hires him to be unfaithful to his client, and the attorney receives

the money, agreeing to return it on the happening of a certain event, the courts will not lend their aid to enforce such corrupt and illegal agreement, even if such event do occur.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*J. Van Voorhis*, for appellant. *Geo. W. Daggett*, for respondent.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment reversed and new trial ordered, without costs of appeal to either party.

---

JACOB CUYLER, APPELLANT, v. HASTINGS MERRIFIELD, IMPLEADED, ETC., RESPONDENT.

*Agent cannot depart from instructions — ratification.*

The defendant's son, a minor, being desirous of purchasing an organ, defendant authorized his wife to write his name on the back of his son's note, but said he would not be a maker, or sign a joint note. In his absence his wife signed his name as a joint maker with the son. *Held*, that she had no authority to do so, and that he was not bound thereby. (Dunlap's Paley Agency [4th Am. ed.], 202; Parsons on Bills, 107; *Fenn* v. *Harrison*, 3 Term, 757; 7 Taunt., 455; 9 Bingham, 19.)

After the maturity of the note, defendant wrote to the holder of it, stating that he had agreed to put his name on the back of the note, and that, in his absence, it was put on the face of it; that his son was good, and that as soon as he (the son) could dispose of a crop he had in hand, they would do exactly the right thing. *Held*, that this did not amount to a ratification of the unauthorized act of his wife. (*Commercial Bank of Buffalo* v. *Warren*, 15 N. Y., 577; Story on Ag., § 253.)

APPEAL from a judgment entered on the report of a referee dismissing the complaint.

*Jacob B. Decker*, for appellant. *Sedgwick, Kennedy & Tracy*, for respondent.

Opinion by MERWIN, J.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed.